**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WEIQIANG CAI,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70901

Agency No. A087-597-315

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2019[**]
Pasadena, California

Before:  GRABER and BYBEE, Circuit Judges, and HARPOOL,[***] District Judge.

Weiqiang Cai petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

Here, the BIA explicitly declined to reach the validity of the IJ's adverse credibility finding. Thus, we are permitted to consider only the BIA's conclusion that Cai's experiences did not rise to the level of past persecution. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) (explaining that we "cannot affirm the BIA on a ground upon which it did not rely").

We review for substantial evidence the BIA's factual finding that Cai failed to establish past persecution. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "To reverse the BIA . . . we must find that the evidence not only supports [a conclusion of past persecution], but compels it . . . ." *Id.* at 481 n.1 (emphasis omitted).

We conclude that the evidence compels the conclusion that Cai's experiences amounted to past persecution because Cai was beaten, imprisoned, required to sign a paper stating that he would not engage in further political sit-ins, and required to report to the police station weekly. *See Guo v. Sessions*, 897 F.3d 1208, 1213–17 (9th Cir. 2018).

The petition for review is **GRANTED** and **REMANDED.**